UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JARED C.,

                Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C19-5764 RAJ

**ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION AND DISMISSING THE CASE WITH PREJUDICE**

Plaintiff seeks review of the denial of his application for Disability Insurance Benefits. Plaintiff contends the ALJ erred by discounting his testimony and a medical opinion and failing to account for his hypersomnia. Dkt. 9. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is 41 years old, has a high school education, and has worked as a tractor trailer truck driver, garbage collecting driver, heavy truck driver, mechanic, cashier, and stock clerk. Dkt. 5, Admin. Record (AR) 38-39. Plaintiff applied for benefits in December 2017, alleging disability as of June 24, 2016. AR 119. Plaintiff's application was denied initially and on reconsideration. AR 118, 131. After conducting hearings in September 2018 and January 2019,

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 1

the ALJ issued a decision finding Plaintiff not disabled.  AR 78-117, 54-77, 26-40.

## THE ALJ'S DECISION

Using the five-step disability evaluation process,[1] the ALJ found:

**Step one:**  Plaintiff has not engaged in substantial gainful activity since the alleged onset date.

**Step two:**  Plaintiff has the following severe impairments: lumbar degenerative disc disease, plantar fasciitis with pes planus bilaterally, major depressive disorder, and general anxiety disorder.

**Step three:**  These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity (RFC):**  Plaintiff can perform light work.  He can never climb ladders, ropes, or scaffolds.  He can occasionally stoop, kneel, crouch, crawl, and climb ramps and stairs.  He needs a sit/stand option, defined as the ability to change position after 30 to 60 minutes for 3 to 5 minutes while remaining on task.  He can perform simple routine tasks.  He can have occasional superficial interaction with others.

**Step four:**  Plaintiff cannot perform past relevant work.

**Step five:**  As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 28-40.  The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision.  AR 1-4.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole.  *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

---

[1] 20 C.F.R. § 404.1520.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

### A. The ALJ Did Not Harmfully Err by Failing to Address the Statements of Richard Coder, Ph.D.

Plaintiff contends the ALJ erred by failing to evaluate the opinions of examining psychologist Dr. Coder. Dkt. 9 at 3-5. The Commissioner argues Dr. Coder's report did not constitute a medical opinion under new regulations in effect for Plaintiff's application, and thus the ALJ was not required to articulate how she addressed it. Dkt. 10 at 1, 3-5. A medical opinion is defined as "a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions in" physical, mental, and other work-related abilities. 20 C.F.R. § 404.1513(a)(2). The Court need not address whether Dr. Coder's statements must be considered medical opinions under the new regulations because Plaintiff has not shown harmful error in failing to address them.

On reply, Plaintiff argues that Dr. Coder opined he "is lethargic, with psychomotor retardation. He has difficulty with focus and concentration…. He loses his train of thought constantly." Dkt. 11 at 3 (quoting AR 3969). However, this is in the portion of Dr. Coder's report labeled "History," which documents Plaintiff's self-reports. AR 3969. It is not Dr. Coder's opinion of Plaintiff's abilities and limitations.

Plaintiff also argues Dr. Coder opined he "cannot stand the stress of interacting with others." Dkt. 11 at 3 (quoting AR 3971). Asked to select which statement "best summarizes [Plaintiff's] level of occupational and social impairment, Dr. Coder checked the box for "Occupational and social impairment with deficiencies in most areas, such as work, school, family relations, judgment, thinking and/or mood." AR 3967-68. In the "Remarks" section Dr. Coder copied this language, writing: "having found that he … cannot stand the stress of interacting with others, he has Occupational and social impairment with deficiencies in most

areas, such as work, school, family relations, judgment, thinking and/or mood." AR 3971. Plaintiff offers no explanation for how Dr. Coder's assessment of unspecified "impairment" or "deficiencies" could be considered to describe either Plaintiff's limitations or what he can still do. *See Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 691–92 (9th Cir. 2009) (ALJ not required to credit or reject examining psychologist's recommendations for coping with symptoms when the recommendations do not include opinions as to specific functional limitations). That Plaintiff cannot stand the stress of interacting is phrased as Dr. Coder's clinical finding but, even if it is an opinion, Plaintiff has not shown it requires any limitation not reasonably incorporated into the RFC. *See Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (ALJ is not required to provide reasoning to reject limitations that are reasonably incorporated into the RFC); *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (affirming where ALJ's "assessment is consistent with restrictions identified in the medical testimony"). The RFC contains quite stringent restrictions, limiting Plaintiff to only "occasional superficial" interactions with others and only "simple routine tasks." AR 30. Plaintiff fails to show what further restrictions Dr. Coder's statements would require, and thus fails to show the ALJ harmfully erred by failing to address Dr. Coder's statements.

### B. The ALJ Did Not Err by Discounting Plaintiff's Testimony

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo*, 871 F.3d at 678.

Plaintiff contends the ALJ erred by discounting his testimony that back pain, depression, anxiety, and need to nap during the day prevented him from working. Dkt. 9 at 7-11.

### 1. Back Pain

The ALJ discounted Plaintiff's back pain claims because he reported improvement in symptoms while treated "conservatively" with long-term opioid treatment. AR 37. An ALJ may discount claimant testimony when the record shows the claimant "responded favorably to conservative treatment." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039-40 (9th Cir. 2008). However, Plaintiff contends long-term opioid use is not conservative treatment. Dkt 9 at 8. The Commissioner does not defend the ALJ's reason of conservative treatment and instead focuses on improvement with treatment. Dkt. 10 at 13.

Impairments that can be "controlled effectively" by medication or treatment are not considered disabling for purposes of determining eligibility for Social Security benefits. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). Evidence that medical treatment helped a claimant "'return to a level of function close to the level of function they had before they developed symptoms or signs of their [impairments]' … can undermine a claim of disability." *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) (quoting 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.00H (2014)).

The ALJ cited records showing Plaintiff reported his "[p]ain [was] under fair control" and his provider assessed him as "[m]aintaining well [w]ith [c]urrent [r]egimen." AR 397, 398. The ALJ reasonably interpreted these records to show that Plaintiff's back pain improved to the point where it did not prevent him from engaging in any work at all. *See Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) (ALJ's interpretation must be upheld if rational). Plaintiff even

agrees to a certain degree, noting back pain is not "the sole, or even the most relevant, reason he is unable to work." Dkt. 9 at 8.

The ALJ did not err by discounting Plaintiff's claims of disabling back pain.

### 2. Mental Impairments

Plaintiff testified anxiety and depression interfere with his ability to work, making him "constantly introverted, anti-social, dealing with the mood swings, which causes stress on" him and his family. AR 95. In a Function Report, Plaintiff wrote that his mental impairments "make interacting with others stressful and overwhelming." AR 297. The ALJ discounted Plaintiff's testimony of mental impairments because "his symptoms improved with treatment compliance" and "[m]ental status examinations were routinely within normal limits." AR 37.

The ALJ cited several full mental status examinations showing entirely normal results, including euthymic mood and congruent affect. AR 433-44, 436, 3776, 3778, 3787, 3789, 3792, 3794, 3796, 3811, 3813, 3831, 3833, 3886-87, 3895, 3899; *see also* AR 3890. An ALJ may reject a claimant's symptom testimony when it is contradicted by the medical evidence, but not based on mere lack of supporting medical evidence. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting a claimant's subjective testimony."); *Burch*, 400 F.3d at 681 ("lack of medical evidence cannot form the sole basis for discounting [symptom] testimony"). Clinical findings of normal mood and affect contradicted Plaintiff's testimony of debilitating anxiety and depression. Plaintiff argues his symptoms waxed and waned. Dkt. 9 at 9. But the mental status examination findings are remarkably consistent. Plaintiff identifies no contradictory records except his own testimony that his symptoms waxed and waned. While Plaintiff's perception of his condition may have changed over time, the objective findings did not.

1   The ALJ did not err by discounting Plaintiff's testimony of mental health impairments
2   based on conflict with objective medical evidence.

### 3. Fatigue and Sleepiness

Plaintiff testified he naps "two to four times a week" for "half an hour to a couple hours." AR 104. Plaintiff wrote in a Function Report that he is "always sleepy. It is common to take naps during the day and not feel any more rested." AR 297. While in welding school, Plaintiff testified, he fell asleep in class about twice a week. AR 104-05. The ALJ discounted testimony of "fatigue and hypersomnolence" because "objective mental status examinations consistently showed that he presented as alert, attentive, and fully oriented." AR 37. Plaintiff argues his "fatigue … waxed and waned" but offers no support in the record—not even his own self-reports. Dkt. 9 at 9. The consistency of the objective findings undermines Plaintiff's testimony.

The ALJ also discounted Plaintiff's testimony as a whole because it was inconsistent with his activities of caring for children, graduating from welding school, doing "mechanical work for a friend," and seeking to renew his commercial driver's license. AR 37. An ALJ may discount a claimant's testimony based on daily activities that either contradict her testimony or that meet the threshold for transferable work skills. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).

Plaintiff attended welding school five or six hours per day, five days per week. AR 538, 104. Although he testified he fell asleep in class about twice a week and had difficulty focusing, he was able to graduate from welding school. AR 98. The ALJ reasonably discounted Plaintiff's testimony that his fatigue and sleepiness was at a disabling level of severity.

Because the ALJ permissibly discounted Plaintiff's testimony based on conflict with his activities of attending and graduating from welding school, further bolstered by lack of supporting medical evidence, the Court need not address the ALJ's other reasons. *See*

*Carmickle*, 533 F.3d at 1163 (as long as remaining reasons are valid, inclusion of improper reasons is harmless error).

The ALJ did not err by discounting Plaintiff's testimony.

**C.      Hypersomnia**

Plaintiff contends the ALJ erred by failing to include hypersomnia as a severe medically determinable impairment at step two and incorporate corresponding limitations in the RFC. Dkt. 9 at 5-7. The Commissioner contends hypersomnia was not a medically determinable impairment and did not cause work-related limitations. Dkt. 10 at 5-9.

Any error at step two is harmless, because the ALJ considered the functional limitations caused by hypersomnia at later steps in the decision. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

In formulating the RFC, the ALJ considered and discounted Plaintiff's testimony, as discussed above. Plaintiff's briefing asserts he "is unable to consistently stay awake during the day" but offers little support in the record. Dkt. 9 at 5. He cites nighttime sleep study results ruling out obstructive sleep apnea, finding Plaintiff was "not … excessively sleepy rather he is fatigued," and recommending "evaluat[ing] for other causes of fatigue." AR 451-52. He cites a daytime sleep study showing he fell asleep at each of five "nap opportunities" for 4 to 15 minutes each time. AR 389-90. It took him 10 to 20 minutes lying in bed to fall asleep each time, which contradicts his asserted inability to stay awake. AR 390. These records do not show functional limitations that the ALJ erred by failing to incorporate into the RFC.

The ALJ did not harmfully err by failing to include hypersomnia as a severe impairment or by failing to include related limitations in the RFC.

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 8

# CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 20th day of March, 2020.

The Honorable Richard A. Jones
United States District Judge